UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
MAURICE EADDY,                                        :
:
                  Plaintiff,                  :    11 Civ. 1070 (TPG)
:
   – against –                                      :
:    **OPINION**
CITY OF NEW YORK and MANHATTAN DA'S    :
OFFICE,                                               :
:
                  Defendants.                :
:
------------------------------------------------------x

    Plaintiff Maurice Eaddy, proceeding pro se, brings this action against defendants the City of New York and the Manhattan District Attorney's Office under 42 U.S.C. § 1983. Plaintiff was convicted in 2010 of multiple counts of sexual abuse against a minor. In his complaint, plaintiff alleges, *inter alia*, that the charges were false and that he was subjected to false arrest and malicious prosecution.

    Defendants move to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    The motion is granted and the case is dismissed.

**The Complaint**

    Plaintiff claims that on Friday, June 26, 2008[1], while at his place of

---

[1] Although plaintiff's complaint states that he was arrested on June 26, 2008, defendants assert that the arrest actually took place on June 26, 2009. Defendants have provided a copy of the arrest record confirming the 2009 date. The date of the arrest does not appear to be significant for purposes of the

employment, he was approached by two NYPD detectives who asked him to accompany them to the police station. Plaintiff alleges that the officers did not inform him that he was a suspect in any crime, did not inform him that he was under arrest, and indicated that they wanted to ask him some questions and "just needed my help with something about a case they had." Plaintiff consented and went with the officers to the station. Plaintiff alleges that he was transported in an unmarked police vehicle and was not handcuffed at this point. Plaintiff further alleges that when he arrived at the police station, he was handcuffed and informed that he was being arrested for sexual assault. He alleges that he was informed that a minor, TH, and her mother Twana Hughes had alleged that plaintiff sexually assaulted TH. Plaintiff alleges that, once at the precinct, he asked to be allowed to call his family and his attorney, but that the police refused his requests. He further alleges that he was never read his <u>Miranda</u> rights.

     According to defendants' submissions, plaintiff was subsequently charged and prosecuted for a variety of crimes against TH relating to a pattern sexual assault, which allegedly occurred between June 23, 2006, and December 13, 2008, while TH was less than thirteen years old. A grand jury indicted plaintiff on five counts. On July 27, 2010, a jury convicted plaintiff of three of the five counts: Course of Sexual Conduct against a Child in the First Degree, Criminal Sexual Act in the Second Degree, and one count of Criminal

---

current motion, and it appears that plaintiff simply made a mistake in his complaint.

Sexual Abuse in the 2nd Degree.  On September 15, 2010, Justice Kahn of the Supreme Court of the State of New York sentenced plaintiff to 7 years imprisonment.  There is no indication that plaintiff's conviction has been overturned or invalidated in any way, or even that plaintiff has appealed his conviction in state court.

Plaintiff asserts that the charges against him were false.  He claims that he has known the victim's grandmother for several years and that he often visited the grandmother to help her around the house.  It appears, although it is not explicitly stated, that the alleged sexual abuse took place in the grandmother's house while the grandmother was home.

Plaintiff claims that the detectives and the District Attorney's Office did not adequately investigate the case because they did not contact the victim's grandmother.  Plaintiff also claims that his attorney did not adequately represent him at his criminal trial because he failed to subpoena the victim's grandmother to testify on plaintiff's behalf.  Plaintiff appears to believe that the grandmother's testimony that plaintiff often helped her out around the house would have exonerated him from the sexual assault charges and/or that the grandmother would have testified that TH's claims of sexual abuse were a lie.  He also states that TH suffered from emotional personality disorder.

Plaintiff seeks damages for various alleged harms.  He also requests that the federal court investigate his case, and, should the court find "that there is no proof to the allegations and there was malice on behalf of all defendants listed that I be released from prison immediately and awarded damages by all

defendants in the sum of $850 million."

Plaintiff initially brought suit against the NYPD, the Legal Aid Society, the NYC Public Defenders' Office, TH, and Twana Hughes, in addition to the City of New York and the Manhattan District Attorney's Office. However, this court dismissed the NYPD, the Legal Aid Society, the NYC Public Defenders' Office, TH, and Twana Hughes from this action in an order dated March 4, 2011.

The remaining defendants, the City of New York and the Manhattan District Attorney's Office, move to dismiss the case against them pursuant to Rule 12(b)(6) for plaintiff's failure to state a claim on which relief may be granted. The motion was filed on July 18, 2011. On that same date, defendants filed a certificate of service, noting that the motion was served on plaintiff by mail. Plaintiff has not yet responded to the motion.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (U.S. 2009). Where a plaintiff is proceeding pro se, the complaint is held to a less stringent standard, and the court must construe the plaintiff's pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint, drawing all reasonable inferences in the

plaintiff's favor, and may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A motion under Rule 12(b)(6) should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985) (internal quotations omitted).  It should also be granted where an affirmative defense or other reason barring relief is apparent from the face of the complaint.  Conopco, Inc. v. Roll Int'l et al., 231 F.3d 82, 86-87 (2d Cir. 2000).

Defendants argue that plaintiff's complaint should be dismissed on three grounds:  plaintiff's claims are barred by Heck v. Humphrey, plaintiff is unable to maintain a claim for municipal liability against the City of New York, and the New York County District Attorney's Office is not a suable entity.

Plaintiff's claim is barred by *Heck v. Humphrey*

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff cannot recover damages for an allegedly unconstitutional conviction or sentence unless that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus.  Id. at 486-87.  Where a plaintiff's conviction or sentence has not been so overturned, he does not have a cognizable claim for damages under § 1983. Id.

In this case, plaintiff's conviction has not been reversed, expunged, or declared invalid. No writ of habeas corpus has been issued. As noted above, there is no indication that plaintiff has even appealed his conviction in state court. Instead, plaintiff seeks to use § 1983 to challenge his underlying conviction and as a basis for his release from prison. This is exactly what <u>Heck</u> bars him from doing.

Furthermore, there are also alternative grounds for dismissing the complaint.

<u>The City of New York – Municipal liability</u>

In order to hold a municipality liable under § 1983, a plaintiff must establish that the municipality itself was at fault, such as through some policy statement, ordinance, regulation, officially-adopted decision, or a governmental custom. <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 690-91 (1978). A single incident is insufficient to create municipal liability under <u>Monell</u>. <u>Fenner v. City of New York</u>, 08 Civ. 2355, 2009 U.S. Dist. LEXIS 119719, at *12 (E.D.N.Y. Dec. 21, 2009).

In this case, plaintiff has not identified any policy statement, ordinance, regulation, official decision, or unofficial custom that was responsible for his alleged constitutional violation. He alleges only a single incident. As such, he is unable to maintain his claim for municipal liability against the City of New York.

<u>The New York County District Attorney's Office</u>

Under New York State law, the office of the district attorney is not a

suable entity. <u>Steed v. Delohery, et al.</u>, 96 Civ. 2449, 1998 U.S. Dist. LEXIS 2754, at *3 (S.D.N.Y. Mar. 11, 1998).

## CONCLUSION

The court grants the motion of defendants the City of New York and the Manhattan District Attorney's Office, and the action is dismissed pursuant to Rule 12(b)(6).

This opinion resolves the motion listed as document number 12 on the docket.

SO ORDERED.

Dated: New York, New York
December 16, 2011

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/11

- 7 -